IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN POLLARD, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-235J |
| | ) | Judge Kim R. Gibson/ |
| JOHN YOST, Warden, FCI Loretto, | ) | Magistrate Judge Amy Reynolds Hay |
| | ) | |
| Respondent | ) | |

## **MEMORANDUM ORDER**

The above-captioned Section 2241 habeas petition filed by Melvin Pollard, attacking his federal conviction, was received by the Clerk of Court on September 24, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Respondents filed an answer. Dkt. [8]. Petitioner filed a traverse. Dkt. [9]. The Magistrate Judge's Report and Recommendation, Dkt. [16], filed on October 10, 2008, recommended that the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction because Petitioner failed to show that Section 2255 is inadequate or ineffective and so he cannot utilize a Section 2241 petition. Service was made on the Petitioner at FCI - Loretto, P.O. Box 1000, Loretto, Pa. 15940. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. After being granted an extension of time, Petitioner filed objections. Dkt. [19].

The Court will briefly address some of those objections.

Petitioner first objects to the Report's reference to Ohio Revised Code 2925.01(E)(8), claiming that Petitioner was "not charged or convicted for" that statute. Dkt. [19] at 2. The Report's reference to Section 2925.01(E)(8) was only to explain what "bulk amount" meant under the statute that Petitioner was indisputably convicted under, i.e., Ohio Revised Code 2925.03(A)(6). Hence, there is nothing objectionable in the Report's reference to Section 2925.01(E)(8) in order to explain by way of background the meaning of the statute under which Plaintiff was convicted.

Petitioner also intimates that the Report's construction of the statute under which he was convicted is problematic because it is somehow novel. Dkt. [19] at 3. However, to be precise, the Report's construction of the Ohio statute to contain the requisite element of "possession plus intent to distribute," so as to qualify as a predicate offense under the federal sentencing guidelines for career offender status is not novel. In fact, as demonstrated by the Ohio state cases cited by the Report as well as the unpublished Sixth Circuit cases, such a construction is not novel. Indeed, it was the Sixth Circuit's decision in United States v. Montanez, 442 F.3d 485 (6th Cir. 2006) that was novel. Prior to the Montanez decision, it was sufficiently clear that conviction under Section 2925.03(A)(6) was a conviction for a crime of possession with intent to distribute and so therefore, conviction thereunder qualified one for a career offender designation under the federal sentencing guidelines. This objection is meritless.

Petitioner appears to object to the fact that the Report did not read his petition with sufficient liberality entitled to by a pro se petitioner. Dkt. [19] at 4. To the contrary, the Report read his petition with abundant liberality, making stronger arguments as to why Petitioner might come within the Dorsainvil exception than any arguments propounded by Petitioner himself and

2

then the Report quite aptly concluded that even those stronger arguments fail to bring Petitioner within the Dorsainvil exception. Moreover, to the extent that Petitioner seeks to rely on Poole v. Dotson, 469 F.Supp.2d 329 (D. Md. 2007), Dkt. [19] at 5, the court notes that the Poole v. Dotson case was overturned on appeal, United States v. Poole, 531 F.3d 263 (4th Cir. 2008) and had already been overturned at the time Petitioner prepared his objections but he failed to note this fact. Furthermore, Petitioner's contention that the Report "misapprehend[ed] or overlook[ed] the fact that petitioner Pollard is potentially innocent of the imprisonment as a career offender at no fault of his own[,]" Dkt. [19] at 6, could not be further from the truth. The Report thoroughly analyzed the fact that Petitioner is making a claim of being actually innocent of the sentence and that he could not have brought that claim prior to the Montanez decision. In its scholarly analysis of the claim, the Report simply concluded that such was not sufficient to bring Petitioner within the Dorsainvil exception. This Court agrees, the objections are without merit.

The remaining objections have been considered and do not require further discussion as the Report adequately addressed them or they simply do not merit further discussion.

Because this case is being treated as having been filed pursuant to Section 2241 and is being dismissed due to lack of jurisdiction, no certificate of appeal ability is required. See, e.g., United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000)("Federal prisoner appeals from § 2241 proceedings, however, are not governed by 2253's certificate of appeal ability requirement. *See* 28 U.S.C. § 2253(c)(1)(B) (applying the certificate of appeal ability requirement to federal prisoner appeals from 'the final order in a proceeding under section 2255'); *see also Sugarman v. Pitzer*, 170 F.3d 1145, 1146 (D.C. Cir. 1999) ('We hold that a COA is not required for federal

prisoner § 2241 appeals.')").

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, and the Petitioner's objections to the Report, the following order is entered:

AND NOW, this 18th day of November, 2008;

**IT IS HEREBY ORDERED** that the objections are overruled.

**IT IS FURTHER ORDERED** that the Section 2241 Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [16]) of Magistrate Judge Hay, filed October 10, 2008, is adopted as the opinion of the court.

Kim R. Gibson
U.S. District Judge

Dated: November 18, 2008

cc: The Honorable Amy Reynolds Hay
United States Magistrate Judge

Melvin Pollard
20711-424
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

All counsel of record via CM-ECF

4